IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT TOWNSEND, | ) | Case No. 1:21-CV-2264 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| KEITH FOLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |
| | ) | |

Pending before this court are a number of motions filed by Petitioner Albert Townsend. Townsend has filed a *pro se* motion for the appointment of counsel in this case. (ECF Doc. 3). He has also filed a "Response-Objection" to Warden Foley's motion to extend his time to answer (ECF Doc. 21) and moved to strike the motion (ECF Doc. 24). Additionally, Townsend has moved for discovery (ECF Doc. 8) and for default judgment against Warden Foley (ECF Doc. 25). For the following reasons, the motions are DENIED.

  **I.  Motion for the Appointment of Counsel**

Townsend appears to assert that appointed counsel is necessary to serve the interests of justice to ensure that his alleged constitutional errors are raised properly. *See* ECF Doc. 3.

When seeking writ of habeas corpus, a petitioner does not have an automatic right to counsel. *See McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Appointment of counsel for an indigent habeas petitioner is mandatory only if the district court determines that an evidentiary hearing is required, or when the petitioner seeks

to vacate or set aside a death penalty. *See* 18 U.S.C. § 3599(a)(2) (providing that capital habeas corpus petitioners are entitled to appointment of counsel); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 ("Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required."); Rules Governing § 2254 Cases, Rule 8(c). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel. *See* 28 U.S.C. § 2254(h); *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987). "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [§ 2254]." 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In determining whether the interests of justice require appointment of counsel, courts "often consider: (1) the legal complexity of the case; (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors. *Gammalo v. Eberlin*, No. 1:5-cv-617, 2006 U.S. Dist. LEXIS 44349 *5 (N.D. Ohio June 29, 2006) (citing *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994)).

Appointment of counsel is not mandatory in this case. Townsend is not challenging a death sentence, and the court has not yet determined whether an evidentiary hearing is necessary. 18 U.S.C. § 3599(a)(2); *Lemeshko*, 325 F. Supp. 2d at 787; Rules Governing § 2254 Cases, Rule 8(c). Further, Townsend has not shown that the interests of justice require the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254(h); *Mira*, 806 F.2d at 638; *Childs,* 822 F.2d at 1384. Townsend has been able to articulate his claims and the factual support behind them, and his conduct demonstrates a zealous advocacy for his position. Nor does he identify in his motion or assert in his petition any uniquely complex factual circumstances warranting counsel. See ECF Doc. 1; ECF Doc. 3. The court recognizes the difficulties *pro se* litigants face

2

when petitioning for habeas corpus relief. Unfortunately, the court has extremely limited resources to provide attorneys for *pro se* litigants, and it will do so only in exceptional circumstances. Because no exceptional circumstances have been shown in this case, Townsend's motion for the appointment of counsel must be, and hereby is DENIED. In the event the court later determines an evidentiary hearing is warranted, counsel would be appointed to represent Townsend at that stage.

## II. Response-Objection to Motion to Extend Time & Motion to Strike

Townsend responds in opposition to Warden Foley's motion for an extension of time, largely reiterating his arguments from his motion to have the undersigned recused. *See* ECF Doc. 21. He asserts that a "judicial relationship or connection" existed between the undersigned and Warden Foley because the undersigned rule on the warden's motion for an extension the same day it was filed, while Townsend's petition and other motions had, thus far, been unopposed. ECF Doc. 21 at 4-6. He also asserts that he did not receive Warden Foley's motion. ECF Doc. 21 at 5-6. He contends that the undersigned demonstrated bias by ruling on the motion without giving him an opportunity to respond. ECF Doc. 21 at 6-7. Additionally, Townsend moves to strike Warden Foley's motion. ECF Doc. 24.

Docket control rests in the "sound discretion of the district court." *AES-APEX Emplr. Servs. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (internal quotation marks omitted). A court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Here, there is no basis to vacate the undersigned's ruling granting Warden Foley's motion for an extension of time. Townsend does not assert any error with the motion itself or any

3

prejudice arising from the one-month extension. *See* ECF Doc. 21. Additionally, Townsend's contentions against the undersigned, discussed more fully in the court's order on Townsend's motion to recuse, are not a basis to vacate the extension. Although the undersigned takes seriously Townsend's contention that he was not served with the motion, the motion itself indicates that it was "forwarded" to him and his filings demonstrate that he was aware of its contents. *See* ECF Doc. 15; ECF Doc. 21.

Moreover, there is no basis to strike Warden Foley's motion for an extension of time. Townsend has not articulated any justification for striking the motion from the record. *See generally* ECF Doc. 24. Assuming from his response to the motion that he disagrees with the undersigned's granting of the extension, such a contention does not demonstrate a defect in the motion itself and does not provide any justification for striking the actual motion. *See* ECF Doc. 21. Further, the undersigned has already ruled on Warden Foley's motion for an extension and, as such, it would be improper and unjust for the court to renege on that timing now. *See AES-APEX Emplr. Servs.*, 924 F.3d at 867. Because Townsend has not provided a reason for striking Warden Foley's motion, Townsend's motion to strike must be, and hereby is DENIED.

**III.    Motion for Discovery & Motion for Default**

Townsend moves for discovery, requesting all police reports and victim statements associated with his state court trial, chain of custody reports, any DNA evidence, any exculpatory evidence, and all materials related to a rape kit. ECF Doc. 8 at 4-5. Townsend has also moved for default judgment, asserting that default judgment is warranted because Warden Foley has not made any contact with him and the undersigned unlawfully granted Warden Foley's motion for an extension of time to file an answer after the answer was due. ECF Doc. 25-1 at 1-3.

4

The Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") govern discovery and evidentiary hearings in this case.  With respect to discovery, the rules provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rule 6(a), § 2254 Rules.  Federal Rule of Civil Procedure 55 provides for the entry of default by the court clerk after the party against whom a judgment is sought has failed to plead or otherwise defend against the suit.  It is only after the clerk's entry of default that a party may move for entry of a default judgment.  Fed. R. Civ. P. 55(b).

At this time, Townsend's motion for discovery must be denied as premature.  Discovery proceedings are not automatic in habeas proceedings.  *See* Rule 6(a), § 2254 Rules.  Until Warden Foley responds to Townsend's petition, the court will not know the full scope of the dispute between the parties and, thus, cannot determine whether good cause exists for discovery or its appropriate scope.  Rule 6(a), § 2254 Rules.  The undersigned's initial order provided Warden Foley 60 days *from the date of that order* by which to file his answer.  ECF Doc. 6.  With the granted extension, he has until March 4, 2022.

Similarly, default judgment cannot be granted at this time because Warden Foley has not, by definition, defaulted.  Warden Foley has made an appearance and has demonstrated every intention of defending himself in the return of writ he still has time to properly file.  *See* Fed. R. Civ. P. 55.  Accordingly, Townsend's motions for discovery and default are premature and are hereby DENIED without prejudice as premature.

**IV.  Conclusion**

Accordingly, the undersigned finds the following: (1) because no exceptional circumstances have been shown in this case, Townsend's motion for the appointment of counsel

5

(ECF Doc. 3) is DENIED; (2) because Townsend has not shown any grounds for striking Warden Foley's already-granted extension motion, Townsend's motion to strike (ECF Doc. 24) is DENIED; (3) because Warden Foley has yet to file an answer, Townsend's motion for discovery (ECF Doc. 8) is DENIED without prejudice; and (4) because Warden Foley has not yet defaulted in these proceedings, Townsend's motion for default judgment (ECF Doc. 25) is DENIED without prejudice.

Further, because Warden Foley received a 30-day extension, the Court hereby grants Townsend an additional 30 days to file his traverse, following the filing of Warden Foley's answer.  Accordingly, Townsend's traverse will be due May 18, 2022.  Because Townsend has already filed a traverse, he may either file a new traverse responding to the arguments raised in Warden Foley's answer or indicate to the court that he wishes to proceed with the traverse he has already filed.

**IT IS SO ORDERED.**

Dated: February 17, 2022

Thomas M. Parker
United States Magistrate Judge