IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALBERT TOWNSEND, ) | Case No. 1:21-CV-2264 |
| ) | |
| Petitioner, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| KEITH FOLEY, Warden, ) | |
| ) | |
| Respondent. ) | **ORDER** |
| ) | |

Petitioner Albert Townsend has filed a motion requesting that the undersigned magistrate judge recuse himself from this case. ECF Doc. 23. Specifically, Townsend contends that he was not served Warden Keith Foley's motion for an extension and he was not given an opportunity to object to that motion, resulting in him being prejudiced. ECF Doc. 23-1 at 2-4. He contends that the ruling on Warden Foley's motion for an extension was the result of *ex parte* communications between the undersigned and the warden. ECF Doc. 23-1 at 2-6. Also, he appears to argue that the undersigned's ruling demonstrates bias against him because he has filed his habeas petition, a motion for the appointment of counsel, a traverse, and a motion for discovery of the petitioner, all of which have been unopposed and unruled on. See ECF Doc. 23-1 at 1-4. His affidavit in support reiterates these contentions. See generally ECF Doc. 23-2.

A judge should not be quick to recuse himself simply because a party demands it or is dissatisfied with his rulings. See *United States v. Fleming*, No. 5:17-CV-81, 2019 U.S. Dist. LEXIS 16544, at *4-5 (citing *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981) ("A

motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.")). Instead, the judge must look to the two provisions governing recusal: (1) 28 U.S.C. § 144, which provides that a judge must recuse himself when a party files a "sufficient affidavit" that the judge has a personal bias or prejudice against or in favor of any party; and (2) 28 U.S.C. § 455, which requires recusal when, among other things, the judge's impartiality might reasonably be questioned, he has a personal bias or prejudice for or against a party, he has personal knowledge of or is a material witness in the matter, or he has a personal or financial interest in the matter. *See Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999) ("28 U.S.C. §§ 144 and 455 govern when a judge should recuse [him]self."). "Disqualification under both Sections 144 and 455 must be predicated 'upon extrajudicial conduct rather than on judicial conduct' and upon 'a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law.'" *Id.* (internal citations omitted) (quoting *United States v. Story*, 716 F.2d 1088, 1090-91 (6th Cir. 1983)). Absent such an extrajudicial basis for recusal, a judge may not recuse himself. *See United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) (A judge has "an obligation *not to recuse* himself when there is no occasion" to do so); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

When a party files a motion to recuse, "[t]he movant has the burden of convincing the court that a reasonable person would find that the bias exists." *Consolidated Rail Corp.*, 170 F.3d at 597 (citing *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991)). The crux of this inquiry is "'whether a reasonable person perceives a significant risk that the judge will resolve

2

the case on a basis other than the merits.'" *See Fleming*, 2019 U.S. Dist. LEXIS 16544, at *4 (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 914 (2004).

There is no basis for recusal here. The heart of Townsend's motion is that he wants the undersigned magistrate judge to be recused because he takes exception to the undersigned's actions in granting Warden Foley's motion for an extension of time to file an answer without waiting for Townsend to file an opposition or response. *See generally* ECF Doc. 23-1. This contention is in error for three reasons.

First, there was no need to wait for a response from Townsend on the extension motion because the warden's motion adequately advised the court of the merits. When a non-dispositive motion is filed and adequately advises the court on the issue, the court need not wait for a party's response to that motion. *See Fulton v. W. Coast Life Ins. Co.*, No. 2:09-CV-2015-JPM, 2011 U.S. Dist. LEXIS 171538, *5-6 (W.D. Tenn. May 9, 2011) (citing *Drew v. Terry*, 73 F. App'x 78, 2003 U.S. App. LEXIS 29077, *2-3 (5th Cir. 2003)). Here, Warden Foley expressed that there had been a delay in obtaining state court records necessary for properly responding to Townsend's petition. *See* ECF Doc. 15. The undersigned was aware that Warden Foley made this request days before his answer would be due and that the warden's efforts at obtaining the documents had not been delineated. Nonetheless, a one-month extension was not excessive and a delay in obtaining the records constituted good cause. Moreover, because of Warden Foley's delay in seeking an extension, judicial efficiency counseled against waiting for a response. *See AES-APEX Empl'r. Servs. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] court has inherent

3


power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Townsend's contention that he was not served the motion to extend is concerning. However, the motion for an extension indicates that it was "forwarded" to him. ECF Doc. 15 at 3. Additionally, Townsend has responded to the motion, in addition to filing a motion to strike the motion, which indicate he was aware of the motion's contents, and, thus, no real prejudice can be attributed to the alleged non-service of the document. The motion itself also indicates that it was "forwarded" to Townsend. *See* ECF Doc. 15. Accordingly, nothing about the undersigned's order granting the extension implicates his ability to impartially review the merits. *See Consolidated Rail Corp.*, 170 F.3d at 597.

Second, Townsend's unsupported, conclusory allegations that the undersigned had *ex parte* conversations with Warden Foley is not a basis for recusal. The facts must be taken as they actually exist. *Cheney*, 541 U.S. at 914. The undersigned has never had a single *ex parte* communication with any party or counsel. The undersigned harbors no bias against Townsend and appreciates Townsend's diligence in pursing his petition. However, Townsend has not provided any support for his allegation of *ex parte* communication; nor can he.

Third, Townsend appears to imply that because his petition and other motions have been "unopposed," the undersigned's order on Warden Foley's motion was erroneous or demonstrated a bias. *See* ECF Doc. 23-1 at 2-3. However, Townsend's petition remains pending because Warden Foley has yet to file his answer and, per the undersigned's initial order, originally had until February 8, 2022 to do so. *See* ECF Doc. 6.

Additionally, the fact that Townsend's other filings are unopposed does not create a question as to the undersigned's impartiality, although some of the filings do create a question as

to Townsend's willingness to follow the court's orders. Motions to appoint counsel are, generally, not responded to. Traverses are responsive pleading, requiring the warden first file an answer. And a ruling on discovery requires a full appreciation of the issues in dispute between the parties, which can only be had *after* the warden files his answer. Further, the undersigned's ruling on Warden Foley's motion for an extension and not these other pending filings cannot be construed as a sign of partiality because the undersigned has previously ruled on Townsend's motions to amend his traverse (ECF Doc. 9) and to amend his motion for discovery (ECF Doc. 10) without waiting for a response from the warden.

Thus, because no basis for recusal under Sections 144 or 455 exists, the undersigned has an obligation *not* to recused himself. *Hoffa*, 382 F.2d at 861; *Baskes*, 687 F.2d at 170; *Fleming*, 2019 U.S. Dist. LEXIS 16544, at *4-5. Accordingly, Townsend's motion seeking recusal (ECF Doc. 23) must be and hereby is DENIED.

**IT IS SO ORDERED.**

Dated: February 17, 2022

Thomas M. Parker
United States Magistrate Judge

5