IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT TOWNSEND, | ) | CASE NO. 1:21-CV-02264 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| KEITH FOLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Albert Townsend, an Ohio prisoner now serving an aggregate sentence of 56

years to life imprisonment after having been convicted of multiple counts of rape, kidnapping,

and other offenses, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Docs. 1, 59

(original and amended petitions for writ of habeas corpus).  Townsend asserts six grounds for

relief:

> **Ground One**: Petitioner's speedy trial rights were violated.  *See* ECF Doc. 59 at
> PageID # 787-89.
>
> **Ground Two**: Petitioner's due process rights were violated when the prosecution
> committed a *Brady*[1] violation by suppressing evidence.  *See id.* at PageID # 789-96.
>
> **Ground Three**: Petitioner's Sixth Amendment right to confront his accuser was
> violated when an alleged victim (B.G.) failed to appear at trial and the court allowed
> an examining nurse (Nurse Schreiber) to provide out-of-court statements made by
> that victim.  *See id.* at PageID # 796-99.
>
> **Ground Four**: Petitioner's due process rights were violated because of judicial bias
> and abuse of discretion.  *See id.* at PageID # 799-801.

_____

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

**Ground Five:** Petitioner's Sixth Amendment right to compulsory process was violated when the trial court refused to grant a continuance for a defense witness. *See id.* at PageID # 801-03.

**Ground Six:** Petitioner's Sixth Amendment right to effective assistance of counsel was violated when the trial court did not appoint a specific requested attorney (Nancy Glick) as defense counsel. *See id.* at PageID # 803-05.

Respondent, Warden Keith Foley, filed a return of writ. ECF Doc. 70. Townsend never filed a traverse. While the petition was pending, Townsend filed a motion for leave to request discovery pursuant to "Rule 6." ECF Doc. 72.

Because Townsend's claims are either procedurally defaulted, noncognizable, or lack merit, I recommend that they be DISMISSED or DENIED as set forth below, and that Townsend's petition for writ of habeas corpus be DENIED. I further recommend that Townsend not be granted a certificate of appealability.

# I. State Court History

## A. Trial Court

On February 22, 2017, a Cuyahoga County grand jury issued an indictment charging Townsend with: (i) six counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 1, 2, 9, 10, 13, and 14); (ii) one count of complicity to rape, in violation of Ohio Rev. Code § 2923.03(A)(2) (Count 3); (iii) three counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(4) (Count 7, 12, and 16); (iv) one count of aggravated burglary, in violation of Ohio Rev. Code § 2911.11(A)(2) (Count 8); (v) one count of attempted rape, in violation of Ohio Rev. Code §§ 2907.02(A)(2) and 2923.02 (Count 11); and (vi) one count of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(1) (Count 15).[2] ECF Doc. 70-1 at PageID # 1038-48. All counts, but Count 8, carried a sexually violent predator specification;

---

[2] Counts 4 and 5 were charged solely against Townsend's codefendant, Kris Williams, ECF Doc. 70-1 at PageID # 1040, and Count 7 was charged against both Townsend and Williams, *id.* at PageID # 1041.

Counts 7, 12 and 16 carried a sexual motivation specification; and Counts 8, 9, 10, 11 and 12 each carried 1- and 3-year firearm specifications.  *Id.*  On March 2, 2017, the court appointed Mr. Hildebrand as defense counsel and Townsend pleaded not guilty.[3]  *Id.* at PageID # 1051.

Although represented by counsel at the time, Townsend filed a number of *pro se* motions between March 10 and October 31, 2017.  *Id.* at PageID # 1052-105.  In relevant part, Townsend filed: (i) a notice denying consent to any continuances and requesting the setting of an immediate trial date ("Speedy Trial Motion"), *id.* at PageID # 1055; (ii) a motion to dismiss for preindictment delay, *id.* at PageID # 1058-73; (iii) a motion to dismiss his attorney and represent himself *pro se*, *id.* at PageID # 1075-76; and (iv) a motion to dismiss a defective indictment pursuant to "Rule 49(a)(2)(A)" ("Rule 49(a)(2)(A) Motion"), *id* at PageID # 1077-80.

After Townsend indicated that he wished to represent himself moving forward, the court held a hearing on October 30, 2017, at which Townsend signed a waiver of right to counsel and an expression of intent to proceed *pro se* pursuant to Ohio Crim. R. 44.  *Id.* at Page ID # 1106-113; ECF Doc. 71-1 at PageID # 2363-91.  The court notified Townsend that Mr. Smotzer would serve as his standby counsel going forward.  *Id.* at PageID # 2371, 2376, 2386, 2392.  Townsend objected to having Mr. Smotzer as standby counsel, *id.* at PageID # 2382, 2386, and asked the court to appoint either Nancy Glick or Sara Cofta as standby counsel, *id.* at PageID # 2387.  The court denied the request, noting that: (i) the court could not appoint a counsel who had never responded to Townsend in an affirmative manner;[4] (ii) Townsend required a criminal trial specialist; and (iii) if Townsend's wife could recoup a retainer for a previous lawyer who quit, he could retain the counsel of his choosing.  *Id.* at PageID # 2387-88.

---

[3] At a later date, it appears that Mr. Hildebrand withdrew, and Mr. Smotzer was appointed as replacement defense counsel.  *See* ECF Doc. 70-1 at PageID # 1134; ECF Doc. 71-1 at PageID # 2349, 2363, 2383.
[4] During the hearing, Townsend indicated that he had not spoken with either or received a response from Ms. Glick or Ms. Cofta about representing him as counsel.  ECF Doc. 71-1 at PageID # 2365-68.

At a hearing on October 31, 2017, the court denied Townsend's motion to dismiss for preindictment delay, ECF Doc. 70-1 at PageID # 1114, ECF Doc. 71-1 at PageID # 2443, the Rule 47(a)(2)(A) Motion, ECF Doc. 71-1 at PageID # 2431, and the Speedy Trial Motion, *id.* On April 3, 2018, the court held a hearing during which it denied the following motions from Townsend: (i) motion to suppress evidence; (ii) motion for grand jury transcripts; (iii) motion for speedy trial; (iv) motion for dismissal of the indictment; and (v) motion for a change of venue. ECF Doc. 70-1 at PageID # 1134; ECF Doc. 71-1 at PageID # 2504-25.

The following facts were subsequently established by the trial evidence, as described by the Ohio Court of Appeals:

{¶ 4} On January 20, 2003, Townsend and codefendant Kris Williams abducted M.W. on West 74th Street where Townsend lived with his wife. Both men sexually assaulted her; Townsend forced M.W. to have oral and vaginal sexual intercourse and attempted to have anal intercourse with her. M.W. called police and reported the assault. She went to MetroHealth Hospital for a rape-kit examination.

{¶ 5} M.W. Testified at trial that her attackers were unknown to her and she was unable to identify them. The case was later investigated by the Cuyahoga County Prosecutor's Office Sexual Assault Kit Taskforce. DNA linked Townsend to the DNA recovered in the rape kit – the Ohio Bureau of Criminal Investigations ("BCI") notified authorities that Townsend's and William's DNA were consistent with two DNA profiles recovered from the rape kit. M.W. testified that she was unable to identify Townsend as one of her rapists, but stated that she never had consensual sex with Townsend and the only reason for his DNA to be present was because he was one of her attackers.

{¶ 6} Townsend testified on his own behalf and denied ever meeting M.W. Relative to M.W., the jury convicted Townsend of two counts of rape, one count of complicity to commit rape, and one count of kidnapping with a sexual motivation specification. The jury found Townsend to be a sexually violent predator on these counts.

{¶ 7} C.W. testified that she was raped by Townsend in 2005. C.W., who was only 13 years old at the time of the attack, knew Townsend through her mother. Townsend told them his name was "Desmond Thomas." According to C.W., one night, Townsend broke into her mother's house, said he had a gun, and forced C.W. to have sexual intercourse with him. He also attempted another criminal sex act upon her.

4

{¶ 8} A month later, C.W. discovered she was pregnant and disclosed to her mother what had happened.  They reported the assault to the police.  C.W. terminated her pregnancy and the police were able to get a DNA match by matching Townsend's DNA to that of the fetus.

{¶ 9} C.W. and her mother identified Townsend at trial as the person they knew as Desmond Thomas.

{¶ 10} Townsend testified that he knew C.W. and her mother, but he never had sexual intercourse with C.W.  He claimed that the DNA samples were contaminated.

{¶ 11} Relative to C.W., the jury found Townsend guilty of one count of rape, one count of attempted rape, and one count of kidnapping with a sexual motivation specification.  The jury found that Townsend was a sexually violent predator for these counts.  The jury acquitted Townsend of aggravated burglary, one count of rape, and all the firearm specifications regarding this incident.

{¶ 12} On or about November 27, 2006, Townsend assaulted 17-year-old B.G. and forced her to have sexual intercourse with him and criminally touched her.

{¶ 13} B.G., who lived with Townsend and his wife at the time, underwent a sexual assault examination and reported to both the police and the examining nurse that Townsend was her attacker.  B.G. did not testify at trial.  Townsend testified that he never touched B.G.

ECF Doc. 70-1 at PageID # 1292-94.

The jury found Townsend not guilty on Counts 8, 10, and 16, as well as the firearm specifications under Counts 9, 11, and 12.  ECF Doc. 71-1 at PageID # 3721-23; ECF Doc. 70-1 at PageID # 1135-36.[5]  The jury found Townsend guilty on all remaining counts (Counts 1-3, 7, 9, and 11-15), and also found him guilty of: (i) the sexually violent predator specifications on

---

[5] The original journal entry entered by the court erroneously stated that the jury had found Townsend guilty of Counts 8 and 10.  *See* ECF Doc. 70-1 at PageID # 1135.  This error was subsequently corrected when the trial court entered a nunc pro tunc entry to correct the verdict to reflect that Townsend had been found not guilty of Counts 8 and 10.  ECF Doc. 70-2 at PageID # 1829.

Counts 1-3, 7, 9, and 11-15; and (ii) the sexual motivation specifications on Counts 7 and 12. ECF Doc. 71-1 at PageID # 3721-23; ECF Doc. 70-1 at PageID # 1135.[6]

At the sentencing hearing, the court merged Count 12 with Count 9.  ECF Doc. 71-1 at PageID # 3803; ECF Doc. 70-1 at PageID # 1138.  The court sentenced Townsend to an aggregate sentence of 56 years to life imprisonment.  ECF Doc. 70-1 at PageID # 1137-38.  The court imposed the following terms of imprisonment that were to be served consecutively: (i) a term of 5 years to life on Counts 1, 2, 3, 7, and 11; (ii) a term of 10 years to life on Counts 9, 13, and 14; and (iii) a 1-year term on Count 15.  *Id.* at PageID # 1138.

**B.     Direct Appeal**

**1.     Notice of Appeal and Assignments of Error**

On May 14, 2018, Townsend appealed to the Ohio Court of Appeals.  ECF Doc. 70-1 at PageID # 1139.  Townsend, through appellate counsel, asserted eight assignments of error: (i) the conviction must be overturned because Townsend did not knowingly waive his right to counsel; (ii) the trial court erred when it improperly convicted Townsend when there was judicial bias present; (iii) the trial court erred by depriving Townsend of his right to self-representation; (iv) the trial court erred by denying Townsend his right to the compulsory process; (v) the trial court erred because his conviction was against the manifest weight of the evidence; (vi) the trial court erred by providing faulty jury instructions; (vii) the sexually violent predator specifications must be vacated because the state produced no evidence of a previous conviction for a sexually violent offense; and (viii) the trial court erred when it failed to merge the allied offenses of

---

[6] Once again, the original journal entry incorrectly stated the jury had found Townsend guilty of the firearm specifications on Counts 8 and 10, but this was corrected by the later nunc pro tunc entry.  *See* ECF Doc. 70-2 at PageID # 1829.

Counts 1 and 2, Counts 9 and 11, and Counts 13 and 14, for purposes of sentencing.  *Id.* at PageID # 1157-65.

Of significance to his habeas petition, Townsend's appellate brief did not raise any claim concerning: (i) speedy trial rights; (ii) *Brady* violations or suppression of evidence in general; or (iii) the Confrontation Clause of the Sixth Amendment.  *See id.* at 1149-66.  In his fifth assignment of error concerning the manifest weight of the evidence, Townsend argued that there was insufficient evidence for a conviction of the offenses related to victim B.G. because: (i) she never testified at trial; (ii) the only evidence supporting his conviction was hearsay evidence from medical records; (iii) there was no testimony from family members; and (iv) there was no conclusive DNA evidence.  *Id.* at PageID # 1163.  However, he never invoked the Confrontation Clause or discussed a violation of his right to confront.  *See id.*

### 2.    Untimely Motion for a New Trial

On June 4, 2018, while his appeal was pending, Townsend filed two *pro se* motions: (i) a motion for leave to file an untimely motion for a new trial, *id.* at PageID # 1441; and (ii) a motion for a new trial pursuant to Ohio Crim. R. 33(B), *id.* at PageID # 1442-63.  Townsend cited irregularities in the proceedings, bias of the judge, coercion by the prosecution, and insufficient evidence as grounds for a new trial.  *Id.* at PageID # 1451-52.  On June 11, 2018, the trial court denied Townsend's motion for leave to file a Rule 33(B) motion for a new trial.  *Id.* at PageID # 1464.

On July 6, 2018, Townsend filed a *pro se* motion to vacate the trial court's judgment denying his request to file an untimely Rule 33(B) motion.  *Id.* at PageID # 1466-67.  On July 23, 2018, the trial court denied Townsend's motion to vacate.  *Id.* at PageID # 1468.

### 3.     Court of Appeals' Decision and Appeal to the Ohio Supreme Court

On March 28, 2019, the Ohio Court of Appeals sustained Townsend's seventh assignment of error concerning his convictions on the sexually violent predator specifications, but it overruled the remaining assignments of error. *Id.* at PageID # 1210-27. The court vacated Townsend's convictions on the sexually violent predator specifications, as well as the underlying sentences for Counts 1, 2, 3, 7, 9, 10, 11, and 12, and remanded the case to the trial court for resentencing only as to Counts 1, 2, 3, 7, 9, 10, 11, and 12. *Id.* at PageID # 1226-27. The judgment of conviction and the sentence were otherwise affirmed. *Id.* at PageID # 1227

Townsend and the State cross-appealed the decision of the Ohio Court of Appeals. *Id.* at PageID # 1229, 1272-73. On May 3, 2019, Townsend filed a *pro se* memorandum in support of jurisdiction that asserted eight propositions of law which mirrored the eight assignments of error he raised in his brief before the Ohio Court of Appeals.[7] *Compare id.* at PageID # 1232, 1239-48, *with id.* at PageID # 1157-65. As before, Townsend's memorandum did not raise any issues or arguments concerning his speedy trial rights or *Brady* violations/suppression of evidence. *Id.* at PageID # 1231-58. The memorandum did mention for the first time the Confrontation Clause and a violation of Townsend's right to face his accuser, discussing the issue under his fourth proposition of law (violation of the compulsory process). *See id.* at PageID # 1243-44. The State raised a single proposition of law, claiming that the Ohio Court of Appeals erred in vacating the sexually violent predator specifications attached to Counts 1, 2, 3, 7, 9, 10, 11, and 12. *Id.* at PageID # 1285-88.

The Ohio Supreme Court accepted jurisdiction solely over the State's cross appeal and declined to accept jurisdiction over Townsend's appeal. *Id.* at PageID # 1314. On December 10,

---

[7] For the remainder of all post-conviction proceedings, Townsend continued to represent himself *pro se*.

2020, the Ohio Supreme Court affirmed the judgment of the Ohio Court of Appeals and remanded the case to the trial court for resentencing. *Id.* at PageID # 1432-39.

On remand, the trial court resentenced Brown to an aggregate sentence of 56 years to life imprisonment. ECF Doc. 70-2 at PageID # 1831-32. The court imposed the following terms of imprisonment that were to be served consecutively: (i) a term of 5 years on Counts 1, 2, 3, 7, and 11; (ii) a term of 10 years on Count 9; (iii) a term of 10 years to life on Counts 13 and 14; and (iv) a 1-year term on Count 15. *Id.* at PageID # 1832. After a further appeal, the Ohio Court of Appeals affirmed Townsend's new sentence in a March 10, 2022 decision, *id.* at PageID # 1886-95; and the Ohio Supreme Court declined to exercise jurisdiction over Townsend's appeal of that decision on July 5, 2022, *id.* at PageID # 1935.

### C.    Initial Petition for Post-Conviction Relief

After the Ohio Court of Appeals had entered its judgment (March 28, 2019), but before he filed his memorandum in support of jurisdiction in the Ohio Supreme Court (May 3, 2019), Townsend filed a petition for post-conviction relief in the trial court on April 18, 2019. *Id.* at PageID # 1469-508. Townsend's memorandum in support asserted violations of his speedy trial rights, and generally discussed allegations of judicial bias, suppression and withholding of evidence by the prosecution, and ineffective assistance of trial counsel. *Id.* at PageID # 1472-89. With his motion, Townsend attached a list of thirty-three "assignment[s] of errors presently anticipated to be raised on appeal." *Id.* at PageID # 1492-507. This list of errors included the assignments of error addressed on direct appeal (e.g., violation of the compulsory process, judicial bias, etc.), and also listed the following errors, relevant to the instant proceeding:

1.    Speedy trial violation R.C. 29 45.71, 2946.73(B) motions filed no more continuances at request of Defendant 11-13-2017. Motion for speedy trial immediately. State kept delaying defendant's trial. Motion non waiver of

speedy trial and to proceed to trial immediately over 534 days brought to trial.  Trial court erred by not going by voir dire jury instructions.

* * *

5.   Trial court erred by not sanctioning state from kept withholding discovery R. 16 Brady material all but not limited favorable and non favorable to Defendant.

6.   Trial court erred in not responding to any of Defendant's motion for the state to turn over all Brady material especially the prior original statement of [redacted] (that the defendant was a friend of her mother's and she "never" had any sexual intimate contact with Defendant) that she had been raped by an unknown male while at a friend's home.

* * *

26.  Trial court erred in forcing 2nd appointed counsel Craig W. Smotzer to become Defendant's standby counsel after Defendant filed two-3 motions to dismiss counsel for conflict of interest and reported counsel to Public Defender and Bar Assoc.

*Id.* at PageID # 1492-94, 1505.  Townsend also filed a supplement to his petition, which asserted an additional error related to the validity of the indictment.  *Id.* at PageID # 1509-14.

On May 2, 2019, the trial court denied Townsend's petition for post-conviction relief and his proposed assignments of error.  *Id.* at PageID # 1527.  Townsend appealed that ruling to the Ohio Court of Appeals, *id.* at PageID # 1529-34, with his accompanying merits brief asserting 17 assignments of error in support, *id.* at PageID # 1553-92.  Two of the assignments of error concerned a speedy trial violation claim, *id.* at PageID # 1567-69, and a claim of ineffective assistance of counsel based on the court having appointed Mr. Smotzer as standby counsel over Townsend's objection, *see id.* at PageID #1582.

On June 4, 2020, the Ohio Court of Appeals *sua sponte* dismissed Townsend's appeal based on lack of jurisdiction because the trial court never issued findings of fact or conclusions of law when it dismissed his petition.  *Id.* at PageID # 1605.  On December 20, 2020, Townsend

filed a motion for reconsideration of the Ohio Court of Appeals' *sua sponte* dismissal. *Id.* at PageID # 1606-13. On December 22, 2020, the Ohio Court of Appeals denied the motion for reconsideration. *Id.* at PageID # 1620.

In February 2021, Townsend filed a notice of appeal to the Ohio Supreme Court, *id.* at PageID # 1621-24, and then filed an amended motion for a delayed appeal the following month, *id.* at PageID # 1625-28. On April 13, 2021, the Ohio Supreme Court granted the motion for a delayed appeal and ordered Townsend to file a memorandum in support of jurisdiction within 30 days. *Id.* at PageID # 1629. On May 21, 2021, the Ohio Supreme Court dismissed the appeal for failure to prosecute, noting Townsend had not filed a memorandum in support of jurisdiction by the May 13, 2021 deadline. *Id.* at PageID # 1630.

### D.    App. R. 26(B) Application for Reopening

On October 8, 2019, Townsend filed an application for reopening his direct appeal pursuant to Ohio Rule 26(B). *Id.* at PageID # 1631-58. As relevant to his habeas petition, Townsend asserted the following assignments of error: (i) a claim that his speedy trial rights were violated because he was not brought to trial within the timeframe set forth under Ohio statutes and a failure to dismiss this action would violate his rights to Due Process and Equal Protection, *id.* at PageID # 1632-33; (ii) a claim that his Confrontation Clause rights were violated when an alleged victim (B.G.) did not testify at trial but the court alleged an examining nurse to give testify as to statements made to her by the victim, *id.* at PageID # 1633-34; (iii) a claim for a *Brady* violation based on the trial court failing to compel the state to produce exculpatory evidence, *id.* at PageID # 1636; and (iv) a claim that his right to compulsory process

11

was violated based on the trial court's refusal to compel a witness to appear, *id.* at PageID # 1638.[8]

On March 5, 2021, the Ohio Court of Appeals denied Townsend's Rule 26(B) application for reopening, finding that Townsend was unable to demonstrate that his appellate counsel was deficient or that he was prejudiced through any of his proposed assignments of error. *Id.* at PageID # 1671-87. In denying Townsend's first assignment of error for a speedy trial violation, the court stated:

{¶ 6} Townsend, through his first proposed assignment of error, argues that appellate counsel failed to argue on appeal the claim of a lack of speedy trial. Specifically, Townsend argues that he was not brought to trial within 270 days as required by the triple count provision found in R.C. 2945.71(E).

{¶ 7} The Supreme Court of Ohio, regarding speedy trial and the application of the triple count provision, has established that:

Speedy-trial provisions are mandatory, and, pursuant to R.C. 2945.73(8), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D). A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E). This "triple count" provision applies only when the defendant is being held in jail solely on the pending charge. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, paragraph one of the syllabus (construing former R.C. 2945.71(D), now (E)). Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges. *Id.*

*State v. Sanchez,* 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 7.

{¶ 8} Herein, Townsend was previously convicted in an unrelated criminal case, on December 21, 2009, of the offenses of aggravated robbery, robbery, and having weapons while under disability and sentenced to incarceration for a period of 12 years. *See State v. Townsend,* Cuyahoga C.P. No. CR-09-531966-A. Thus, the triple-count provision of R.C. 2945.71(E) was not applicable to the criminal

---

[8] The other assignments of error concerned the trial court's denial of Townsend's: (i) motion for judgment of acquittal; (ii) motion to sever charges; (iii) motions to suppress evidence; (iv) requests to submit favorable evidence; (v) request for a hearing; and (vi) request for post-conviction DNA testing. ECF Doc. 70-1 at PageID # 1635-37, 1639-40.

charges brought in CR-17-614508-A.  *State v. Brown,* 64 Ohio St.3d 476, 597 N.E.2d 97 (1992).

{¶ 9} In addition, a review of the docket in CR-17-614508-A clearly demonstrates that Townsend was brought to trial within 270 days after being delivered into custody for trial.  The record reflects numerous continuances for discovery, withdrawal of counsel, pretrials, motions to dismiss, and motions for change of venue, and motions to dismiss the presiding judge that tolled the running of the 270 day requirement for trial.  *State v. Logan,* 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816. Townsend has failed to establish that he was prejudiced through his first proposed assignment of error.

ECF Doc. 70-1 at PageID # 1673-74.

In denying the proposed second assignment of error concerning the Confrontation Clause, the court stated:

{¶ 11} Townsend, through his second proposed assignment of error, argues that testimony from a nurse, regarding medical records relating to a victim, violated the Sixth Amendment's Confrontation Clause.  However, statements made to medical personnel and contained in medical records are nontestimonial and admissible under Evid.R. 803(4).  Testimony regarding statements made to medical personnel does not violate the Confrontation Clause.  *State v. Ford*, 8th Dist. Cuyahoga No. 105865, 2018-Ohio-3563; *State v. Steele*, 8th Dist. Cuyahoga Nos. 101139 and 101140, 2014-Ohio-5431; *State v. Bowleg*, 8th Dist. Cuyahoga Nos. 100263 and 100264, 2014-Ohio-1433.  Townsend has failed to establish prejudice through his second proposed assignment of error.

*Id.* at PageID # 1675.  The court denied the fifth proposed assignment of error concerning the claimed *Brady* violation, after reviewing the transcript and finding that it clearly demonstrated that Townsend was provided with all exculpatory evidence and that Townsend withdrew his request for independent DNA analysis.  *Id.* at PageID # 1677-83.  Finally, the court denied the ninth proposed assignment of error[9] concerning the right to compulsory process, stating:

{¶ 34} Townsend, through his ninth proposed assignment of error, argues that he was denied the right to compulsory process. However, Townsend has failed to specifically identify any witness that was not subjected to compulsory process.  In addition, to establish a violation of the right to compulsory process, a defendant must make some plausible showing of how the witness's testimony would have

[9] The Ohio Court of Appeals' analysis concerning the remaining proposed assignments of error are omitted because they involve claims that are not asserted in the instant habeas proceeding.

13

been both material and favorable to his defense.  *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); *State v. Brown*, 8th Dist. Cuyahoga No. 86544, 2006-Ohio-2573, ¶ 104.  Townsend has failed to demonstrate how the testimony of any excluded witness would have resulted in a different outcome at trial.  *State v. Jackson*, 8th Dist. Cuyahoga No. 108241, 2019-Ohio-4893; *State v. Jackson*, 8th Dist. Cuyahoga No. 105919, 2018-Ohio-1633.  Townsend has failed to establish any prejudicial error through his ninth proposed assignment of error.

*Id.* at PageID # 1685-86.

On April 5, 2021, Townsend appealed the denial of his Rule 26(B) application to reopen to the Ohio Supreme Court.[10]  ECF Doc. 70-2 at PageID # 1696.  Townsend's memorandum in support of jurisdiction asserted eleven propositions of law – which mirrored the eleven proposed assignments of error he asserted before the Ohio Court of Appeals.  *Compare id.* at PageID # 1700-12, *with* ECF Doc. 70-1 at PageID # 1632-40.  On June 22, 2021, the Ohio Supreme Court declined to exercise jurisdiction.  ECF Doc. 70-2 at PageID # 1763.

### E. Additional Post-Conviction Proceedings

#### 1. Filings in the Trial Court

Between June 2021 and August 2022, Townsend filed several post-conviction motions with the trial court, including: (i) a post-conviction petition for relief relating to the waiver of an allocution statement, *id.* at PageID # 1936-43; (ii) a "motion for petition of postconviction relief" that requested an order for the production of all discovery, *id.* at PageID # 1944-46; (iii) a "motion to discharge" for lack of subject matter jurisdiction, which raised issues related to speedy trial violations, *id.* at PageID # 1947-50; (iv) a "resentencing post-conviction petition [for] relief" that raised issues related to ineffective assistance of counsel, *id.* at PageID # 1951-63; and (v) a "petition to correct void sentence" that raised issues concerning the

---

[10] In March 2021, Townsend had filed a motion for reconsideration of the denial of his Rule 26(B) application to reopen, ECF Doc. 70-2 at PageID # 1764, which the Ohio Court of Appeals denied as inapplicable, *id.* at PageID # 1785.

Confrontation Clause and the use of statements by the examining nurse who testified concerning victim B.G., *id.* at PageID # 1964-68.  On August 22, 2022, Townsend filed another post-conviction petition for relief.  *Id.* at PageID # 1969-87.  In relevant part, the August 2022 petition for post-conviction relief argued that Townsend's appellate counsel was ineffective for failing to raise claims relating to: (i) speedy trial rights under Ohio statutes; (ii) judicial and prosecutorial misconduct and abuse of judicial discretion; (iii) a *Brady* violation for allegedly withholding exculpatory evidence; (iv) an abuse of discretion by the court for allowing out of court statements that violated the Confrontation Clause; and (v) denying the compulsory process.  *Id.* at PageID # 1971-77.

On May 1, 2023, the trial court denied all these and other outstanding motions as moot. *Id.* at PageID # 2054.

### 2.    Second Rule 26(B) Motion in the Ohio Court of Appeals

In June 2022, Townsend filed a second Rule 26(B) application for reopening of his direct appeal, wherein he asserted 26 proposed assignments of error.  *Id.* at PageID # 2077-116.  In August 2022, the State filed a motion to strike Townsend's Rule 26(B) application for reopening because the filing exceeded the ten-page limitation under App. R. 26(B)(4).  *Id.* at PageID # 2199-201.  The state also filed a memorandum in opposition, which argued that Townsend's assignments of error were either barred by the doctrine of res judicata or lacked merit.  *Id.* at PageID # 2204-10.  Townsend filed a notice to amend his Rule 26(B) application for reopening. *Id.* at PageID # 2229-40.  The Ohio Court of Appeals denied Townsend's motion to amend, noting that: (i) there was no provision for amending an application to reopen; (ii) amending an application may be considered a successive application for reopening; and (iii) there was not a right to file successive applications for reopening.  *Id.* at PageID # 2241.

On December 5, 2022, the Ohio Court of Appeals denied Townsend's second Rule 26(B) application for reopening.  *Id.* at PageID # 2242-50.  First, the court determined that, for all 26 proposed assignments of error, Townsend failed to present any viable argument to establish that his appellate counsel was deficient or that Townsend was prejudiced by the proposed errors – "Merely reciting assignments of error, without demonstrating prejudice and presenting legal argument and analysis, is not sufficient to support an App.R. 26(B) application for reopening." *Id.* at PageID # 2244-45.  Second, the court determined that proposed assignments of error Nos. 2 through 13 and Nos. 15 through 25 were barred from consideration under the doctrine of the law-of-the-case because they constituted a collateral attack on the appellate decision that affirmed Townsend's convictions on direct appeal.  *Id.* at PageID # 2245-46.  Third, the court determined that Townsend had failed to demonstrate deficient performance of counsel or prejudice for the remaining proposed assignments of error (Nos. 1, 14, and 26).[11]  *Id.* at PageID # 2247-49.  Finally, the court found that Townsend's Rule 26(B) application was procedurally defective, stating:

> {¶ 18} In addition, Townsend's application for reopening is procedurally defective because it exceeds the ten-page limitation established by App.R. 26(B)(4). Townsend's application for reopening consists of 16 pages, which does not include his sworn affidavit and various exhibits. Exceeding the ten-page limitation of App.R. 26(B)(4) constitutes a valid basis for the denial of Townsend's application for reopening.  *State v. Murawski*, 8th Dist. Cuyahoga No. 70854, 2002-Ohio-3631[.]

*Id.* at PageID # 2249 (additional citations omitted).

---

[11] Proposed assignment of error Nos. 1, 14, and 26, all concerned Townsend's appellate counsel during his appeal from resentencing, *see* ECF Doc. 70-2 at PageID # 2247-49, which is irrelevant to the issues raised in the instant proceeding.

On March 28, 2023, the Ohio Supreme Court declined to accept jurisdiction over Townsend's appeal of the Ohio Court of Appeals' decisions to deny his Rule 26(B) application for reopening and his motion to amend that application. *Id.* at PageID # 2297.

## II.    **Townsend's Habeas Petition**

On December 1, 2021, Townsend, still proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, initiating the instant proceedings. ECF Doc. 1. On April 27, 2022, the court ordered Townsend to file a singular amended petition that outlined all the constitutional claims he wished to raise and attached all relevant evidence related to those claims. ECF Doc. 54 at PageID # 726, 731-32. Townsend filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 2, 2022. ECF Doc. 59. Townsend alleged the six claims for relief set forth at pages 1-2 above. *Id.* at PageID # 787-805.

## III.   **Law and Analysis:**

As an initial note, the amended habeas petition sets forth six claims for relief and provides some supporting facts for each ground, but it did not provide arguments to support the merits of each claim nor did it provide an explanation as to the precise scope and nature of each claim. *See id.* Townsend filed neither a memorandum in support of his amended habeas petition nor a traverse or other response to Warden Foley's return of writ. As such, Townsend has not provided any explicit arguments to support his grounds for relief.

### A.    **Ground One – Speedy Trial Violation**

For his Ground One claim, Townsend simply states that he is asserting a "speedy trial" claim and provides the following facts to support his claim: (i) he was indicted in January 2007; (ii) the case was dismissed for want of prosecution in April 2008; (iii) he was re-indicted on February 22, 2017; (iv) he filed a motion for a speedy trial and motion to dismiss in March 2017;

17

and (v) the trial court denied those motions on the day of the trial.  *Id.* at PageID # 787.  Warden Foley responds that Townsend's Ground One claim is procedurally defaulted because he failed to raise a speedy trial violation claim on direct appeal in the Ohio Court of Appeals.  ECF Doc. 70 at PageID # 1000-02.  Warden Foley alternatively argues that Townsend's Ground One claim fails on the merits because Townsend has not demonstrated that the state court's adjudication on the merits was contrary to established Supreme Court precedent or unreasonable given the evidence before the court.  *Id.* at PageID # 1007-11.

### 1. Procedural Default

"Before [a federal court may] reach the merits of a habeas petition, . . . [it must] review whether the petitioner has satisfied the [two] procedural requirements for litigating his federal claim in state court."  *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826 (6th Cir. 2019) (citing *Bickham v. Winn*, 888 F.3d 248, 250-51 (6th Cir. 2018), and *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000)).  First, a habeas petitioner who raises claims that the state courts violated his federal constitutional rights, must give the state courts a "*fair*" opportunity to act on his claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original).  If the petitioner hasn't done so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).  For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have raised at every available stage of state review.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams*, 460 F.3d at 806.  And the petitioner must have presented "his claim to

the state courts as a federal constitutional issue – not merely as an issue arising under state law."
*Williams*, 460 F.3d at 807 (quotation marks omitted).

"Second, and relatedly, the procedural default doctrine bars [federal habeas] review if the petitioner has not followed the state's procedural requirements for presenting his claim in state court."  *Gerth*, 938 F.3d at 827.  Thus, a federal court will not review a state prisoner's habeas claim if: (i) the petitioner has failed to comply with a state procedural rule; (ii) the state courts enforced the rule; (iii) the state procedural rule is an adequate and independent state law ground for denying review of a federal constitutional claim; and (iv) the petitioner cannot show cause and prejudice to excuse the default.  *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Here, Townsend did not raise his Ground One speedy trial claim in his direct appeal – with the issue absent from his merits brief before the Ohio Court of Appeals and from his memorandum in support of jurisdiction before the Ohio Supreme Court.  *See* ECF Doc. 70-1 at PageID # 1157-65, 1231-58.  Because Townsend did not pursue his claim at each and every level of review on direct appeal in the state courts, the claim is procedurally defaulted.[12]  *See Wagner*, 581 F.3d at 418; *Williams*, 460 F.3d at 806; *see also State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899 (Ohio 1990) (providing that a failure to present a claim to a state court of appeals constituted a waiver) (citing *State v. Broom*, 40 Ohio St. 3d 277, 288-89, 533 N.E. 2d 682, 695-96 (Ohio 1988))).

---

[12] Townsend's claim is procedurally defaulted despite him having asserted a speedy trial claim in his various post-conviction petitions and applications for reopening, *see, e.g.*, ECF Doc. 70-1 at PageID # 1477, 1492, 1567-69, 1632-33, because presenting a new claim for the first time to a state court on discretionary review does not constitute fair presentation at every level and stage of state review.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021) ("A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default.").

## 2.        Overcoming Default

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves.  A petitioner can obtain review of procedurally defaulted claims if he shows: (1) "cause," *i.e.,* that some external factor kept him from complying with the state rule or fairly presenting his claim; and (2) "prejudice," *i.e.*, that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different outcome would have resulted if the alleged constitutional violation hadn't occurred.  *Coleman v. Townsend*, 501 U.S. 722, 750 (1991); *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).  A petitioner can also obtain review of a procedurally defaulted claim to prevent a fundamental miscarriage of justice, when he presents new evidence that he was factually innocent of the crime of conviction.  *See Coleman*, 501 U.S. at 750 ("fundamental miscarriage of justice" exception to procedural default); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim would establish that the petitioner was "actually innocent."); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (An actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial.").

Thus, to overcome his procedural default, Townsend has the burden to show cause and prejudice to excuse the default or to provide new evidence of his actual innocence.  *See Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001).  Townsend has not met this burden; he has not attempted to argue cause to excuse the procedural default of this claim.[13]  Nor has he argued or demonstrated through newly submitted evidence that he is actually innocent.

---

[13] Townsend could have chosen to argue that ineffective assistance of counsel constituted cause to excuse his procedural default.  However, in the instant habeas proceeding, Townsend has failed to make such an

Because Townsend's Ground One claim is procedurally defaulted and he has not established an exception to overcome this default, I recommend that Townsend's Ground One claim be DISMISSED as procedurally defaulted.

### 3.      Cognizability

Even if Townsend's Ground One claim were not procedurally defaulted, I would recommend that the claim be dismissed as noncognizable.  Federal habeas relief is only available

---

argument (or any argument on cause) *and* he has not asserted a corresponding claim for ineffective assistance of appellate counsel.  It was Townsend's burden to raise such an argument to excuse his default and it is not the court's role to scour the record and construct and develop arguments on behalf of the parties. *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017) (citing *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("But it is not for the court to search the record and construct arguments.  Parties must do that for themselves."); *Nash v. Georgetown Police Dep't*, No. 1:13-cv-741-HJW, 2014 U.S. Dist. LEXIS 25127, at *2-3 (S.D. Ohio Feb. 27, 2014) (citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) ("Courts have a limited and neutral role in the adversarial process and should avoid constructing a party's argument or making a party's case."); *see also Vaughn v. King*, 167 F. 3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties."); *TE Connectivity Corp. v. Sumitomo Elec. Wiring Sys., Inc.*, 644 F. Supp. 3d 393, 399 (E.D. Mich. 2022) ("It is not this Court's role or place to make arguments for the parties"); *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) ("Judges are not like pigs, hunting for truffles that might be buried in the record." (alteration and quotation marks omitted)).

Regardless, even if Townsend had argued cause based on ineffective assistance of counsel, it would not serve to excuse his default because the claim itself lacks merit.  *Munson v. Kapture*, 384 F.3d 310 (6th Cir. 2004) (holding that a petitioner cannot rely upon meritless claims of ineffective assistance of counsel to excuse procedural default of habeas claims); *Comer v. Hurley*, Case No. 3:04-CV-7183, 2005 U.S. Dist. LEXIS 9467, at *29-30 (N.D. Ohio Jan. 25, 2005) ("[I]f petitioner's ineffective assistance of appellate counsel claim lacks merit, it cannot constitute cause to excuse [a habeas petitioner's] default."); *Fields v. Forshey*, No. 22-3031, 2023 U.S. App. LEXIS 20863, at *9 (6th Cir. Aug. 8, 2023) (recognizing that to show cause in an effort to excuse procedural default the underlying ineffective assistance claim must have merit). After Townsend failed to raise a speedy trial claim on direct appeal (in both his counseled brief before the Ohio Court of Appeal, ECF Doc. 70-1 at PageID # 1149-67, and his *pro se* memorandum in support of jurisdiction before the Ohio Supreme Court, *id.* at PageID # 1231-71, he filed a Rule 26(B) application that raised a claim of ineffective assistance of appellate counsel for failure to raise a speedy trial claim on direct appeal. ECF Doc. 70-1 at PageID # 1632-33. But the Ohio Court of Appeals denied Townsend's claim after finding the record reflected that the trial was brought within the statutory timeframe, and Townsend failed to establish prejudice. ECF Doc. 70-1 at PageID # 1673-74. And "this Court must defer to and is bound by the state courts' determination that Ohio's speedy trial statute was not violated[.]" *Younker v. Warden, Chillicothe Corr. Inst.*, No. 1:10-cv-875, 2011 U.S. Dist. LEXIS 79950, at *26 (S.D. Ohio June 24, 2011) (citing *Caddy v. Ohio*, No. 3:07cv339, 2010 U.S. Dist. LEXIS 64644, 2010 WL 2640073, at *3 (S.D. Ohio May 18, 2010)(internal citations omitted), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 64645 (S.D. Ohio June 29, 2010)).

for *federal* constitutional violations.  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle*, 502 U.S. at 67-68.  Thus, "federal habeas corpus relief does not lie for errors of state law."  *Lewis*, 497 U.S. at 780.

Townsend's amended petition does not specify or explain the precise nature of the speedy trial claim he wishes to assert under Ground One.  As such, the court turns to the state record for clues.  Every time that Townsend attempted to raise a speedy trial claim during post-conviction proceedings (e.g., petitions for post-conviction relief or Rule 26(B) applications), he would: (i) assert the claim as a violation of speedy trial rights under Ohio statutes; (ii) cite some combination of Ohio Rev. Code §§ 2945.71, 2945.72, 2945.73, or 2941.401; and (iii) explicitly discuss deadlines and time frames set forth under Ohio statute.[14]  *See* ECF Doc. 70-1 at PageID # 1469, 1477, 1482, 1492, 1632-33; ECF Doc. 70-2 at PageID # 1700, 1702-03, 1705-06, 1971-72, 1949, 2105, 2231.  Moreover, the State and the Ohio Court of Appeals viewed Townsend as having asserted a state law claim, with the State's merits brief in the Ohio Court of Appeals, and the Ohio Court of Appeals' decision, addressing Townsend's speedy trial claim solely in terms of Ohio statutory speedy trial rights.  *See* ECF Doc. 70-1 at PageID # 1662-64, 1673-74.

---

[14] In his first Rule 26(B) application to reopen, Townsend specifically argues that his case must be dismissed because he was not brought to trial within the time set forth under Ohio statute.  ECF Doc. 70-1 at PageID # 1633.  He then stated that if the case is not dismissed, his Due Process and Equal Protection rights under the United States Constitution would be violated.  *Id.* This invocation of the United States Constitution does not convert Townsend's state law speedy trial claim into a federal constitutional claim (as Townsend was specifically arguing that the violation of Ohio speedy trial law, by itself, equaled a federal constitutional violation) and Townsend did not otherwise fairly present or notify the State or the Ohio Court of Appeals he intended to assert a federal speedy trial claim.

Accordingly, the undersigned finds that Townsend previously asserted in state court (during post-conviction proceedings), and currently asserts on federal habeas review, a claim that his speedy trial rights were violated solely under Ohio law.  This claim is not cognizable on federal habeas review because it asserts a violation of the Ohio speedy trial statute, which is a state-law issue.  *See Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Moreover, courts in the Sixth Circuit have consistently held that claims based solely on a violation of Ohio's speedy trial statute do not present a cognizable claim for federal habeas relief.  *See, e.g.*, *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir. 1998), *Hutchison v. Marshall*, 744 F.2d 44, 45-47 (6th Cir. 1984); *Phillips v. Schweitzer*, No. 3:18-cv-02556, 2020 U.S. Dist. LEXIS 254995, at *25-26 (N.D. Ohio Nov. 10, 2020) (collecting cases), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 98363 (N.D. Ohio May 24, 2021); *Taylor v. Warden, London Corr. Inst.*, No. 2:16-CV-780, 2017 U.S. Dist. LEXIS 166071, at *7-8 (S.D. Ohio Oct. 6, 2017) (same); *see also Hopkins v. Banks*, No. 1:09CV0387, 2010 U.S. Dist. LEXIS 140516, at *9 (N.D. Ohio Dec. 14, 2010) ("When a petitioner in a federal habeas corpus proceeding asserts the denial of his right to a speedy trial as a violation of state law, the claim is not cognizable."), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 7538 (N.D. Ohio Jan. 26, 2011).

A state court's determination on a state law issue may become cognizable under the "fundamental fairness" principle, when the decision offends "some principal of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (explaining that state-law errors must be "so egregious that [they] result in a denial of fundamental fairness").  However,

the Sixth Circuit has held that the fundamental fairness doctrine does not apply to statutory speedy trial claims because such claims have "nothing whatsoever to do with the fairness of the trial itself . . . [but rather] goes to the fairness of [the petitioner's] extended pretrial detention." *Norris*, 146 F.3d at 323-29 (quoting *Hutchison*, 744 F.2d at 47) (alteration in original).

Accordingly, even if Townsend's Ground One claim were not procedurally defaulted, I would recommend that this claim be DISMISSED as noncognizable.

### B.    Ground Two – *Brady* Claim

Under Ground Two, Townsend seemingly asserts a *Brady* claim for a violation of his Due Process rights, and he provides several pages of transcripts from various hearings in the trial court that demonstrate Townsend believed he was not provided with all exculpatory evidence and did not have access to certain DNA evidence.  ECF Doc. 50 at PageID # 789-95.  Warden Foley contends that Townsend's Ground Two claim is both procedurally defaulted, ECF Doc. 70 at PageID # 1000-02, and meritless, *id.* at PageID # 1011-18.

### 1.    Procedural Default

Townsend's Ground Two claim, alleging a due process violation under *Brady v. Maryland*, is also procedurally defaulted because it was not raised in his direct appeal before the Ohio Court of Appeals and before the Ohio Supreme Court.  *See* ECF Doc. 70-1 at PageID # 1149-67, 1231-71.  Rather, this claim was presented for the first time in the context of petitions for post-conviction relief and applications for reopening, filed after the initiation of his direct appeal.[15]  *See id.* at PageID # 1493-94, 1636.  Because Townsend did not pursue his *Brady* claim

---

[15] As discussed above in regard to Townsend's Ground One claim, the assertion of a *Brady* claim for first time in a post-conviction petition or an application for reopening does not save the claim from procedural default, because presenting a new claim for the first time to a state court on discretionary review does not constitute fair presentation at every stage of state court review.  *See Castille*, 489 U.S. at 351; *White*, 8 F.4th at 554.

at each and every level of direct review in the state courts, the claim is procedurally defaulted. *See Wagner*, 581 F.3d at 418; *Williams*, 460 F.3d at 806.  Moreover, as with his Ground One claim, Townsend has failed to argue or demonstrate cause to excuse the procedural default of his Ground Two claim, and he has not argued or demonstrated that his procedural default should be excused on the basis that he is actually innocent.[16]

Because Townsend's Ground Two claim is procedurally defaulted and he has not established an exception to overcome this default, I recommend that the Ground Two claim be DISMISSED as procedurally defaulted.

### 2.    Alternative Merits Analysis

Alternatively, even if Townsend's Ground Two claim were not procedurally defaulted, the claim would fail on the merits.

### a.  AEDPA Deference

Because the Ohio Court of Appeals considered the merits of Townsend's *Brady* claim when it denied his initial Rule 26(B) application for reopening, his Ground Two claim is subject to the deferential reasonableness standard under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA permits a federal court to grant habeas relief only if the challenged state court decision: (i) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (ii) was based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d).  "Unreasonable" doesn't simply mean that the state court got it wrong.  *Chinn v.*

---

[16] As with his Ground One claim, Townsend may have wished a argue cause based on ineffective assistance of appellate counsel.  But he did not raise this argument or a corresponding ineffective assistance of appellate counsel claim in this habeas proceeding, and the Ohio Court of Appeals previously determined that Townsend's appellate counsel was not deficient for failing to raise a *Brady* claim on direct appeal.  ECF Doc. 701- at PageID # 1677-83.

*Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1101 (6th Cir. 2022). Only if no "fairminded

jurist" could agree with the state court may we grant relief. *Harrington v. Richter*, 562 U.S. 86,

102 (2011). The petitioner must show that the state court's "decision was so lacking in

justification that there was an error well understood and comprehended in existing law beyond

any possibility for fairminded disagreement." *Id.* at 103.

### b. Establishing a *Brady* Claim

A criminal defendant's due process rights are violated when the prosecution suppresses

evidence that is both favorable to the defendant and material to either guilt or punishment.

*Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* violation, a petitioner must

show: (i) the withheld evidence favors him because it is exculpatory or impeaching; (ii) the state

suppressed that evidence; and (iii) the suppression of that evidence prejudiced him. *England v.

Hart*, 970 F.3d 698, 716 (6th Cir. 2020) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82

(1999)). "Prejudice (and materiality) is established by showing that 'there is a reasonable

probability that, had the evidence been disclosed to the defense, the result of the proceeding

would have been different.'" *Id.* at 717 (quoting *United States v. Bagley*, 473 U.S. 667, 682

(1985)). In other words, the petitioner must show that a substantial likelihood of a different

result such that it undermines confidence in the proceeding, not just a "conceivable" possibility

of a different result. *Id.* (citing *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); Bagley, 473 U.S. at

678; *LaMar v. Houk*, 798 F.3d 405, 416 (6th Cir. 2015); *Harrington*, 562 U.S. 86, 112 (2011)).

### c. Discussion

Reviewing the *Brady* claim Townsend asserted in his initial Rule 26(B) application (ECF

Doc. 70-1 at PageID # 1636), the Ohio Court of Appeals determined, after reviewing the trial

court record, that Townsend's claim lacked merit.  *Id.* at PageID # 1677-83.  The court initially

determined the scope of Townsend's claim, stating:

> {¶ 20} Townsend, through his fifth proposed assignment of error, argues that the
> trial court erred by not granting a "Brady" motion.  Specifically, Townsend argues
> that he was not provided with all discovery, that included exculpatory evidence,
> held by the prosecutor.  In addition, Townsend argues that he was prejudiced by the
> trial court's failure to allow for an independent DNA analysis.

*Id.* at PageID # 1678.  The court then found the record demonstrated that "Townsend was

provided with all discovery and exculpatory evidence" and that Townsend had rescinded his

request for independent DNA analysis, citing specific portions of the transcript.  *Id.* at PageID

# 1678-83 (citing ECF Doc. 71-1 at PageID # 2413-21).  Based on these findings, the court

determined that Townsend had failed to demonstrate any prejudicial error from his appellate

counsel declining to raise a *Brady* claim on direct appeal.  *Id.* at PageID # 1683.

Essentially, the Ohio Court of Appeals found no merit to Townsend's *Brady* claim,

because there was nothing indicating that evidence was suppressed, a fundamental requirement

to establish a *Brady* violation.  *England*, 970 F.3d at 716.  The state court's decision is neither

contrary to nor an unreasonable application of federal law.  And, on the record before the state

courts, it was not unreasonable for the state court to conclude that no evidence had been

suppressed and Townsend lacked a viable *Brady* claim.  Notably, Townsend has presented no

arguments to refute the state court's determination or to demonstrate that there was not only the

suppression of exculpatory evidence, but that this alleged suppression would have had a

reasonable probability of affecting the outcome of the trial.  Because Townsend has not made

these showings, his Ground Two claim fails on the merits.

Accordingly, even if Townsend's claim were not procedurally defaulted, we would be

bound to dismiss it for lack of merit.

### C.      Ground Three – Confrontation Clause Violation

Townsend labeled his Ground Three claim as a "Confrontation Clause" violation and provided as supporting facts: (i) portions of the trial transcript that concern victim B.G. not testifying at the trial; and (ii) citation to Townsend's objections to the examining nurse testifying as to statements made by B.G.  ECF Doc. 59 at PageID # 796-98.  Warden Foley first contends that Townsend's Ground Three claim is procedurally defaulted because he failed to raise the issue on direct appeal.  ECF Doc. 70 at PageID # 1000-02.  Warden Foley alternatively argues that Townsend's Ground Three claim lacks merit and otherwise constitutes a harmless error.  *Id.* at PageID # 1018-23.

### 1.      Procedural Default

Townsend's Ground Three claim, alleging a violation of his right to confront his accuser under the Sixth Amendment of United States Constitution, is procedurally defaulted because it was not fairly presented at each stage of his state court direct appeal.  Townsend did not raise a "Confrontation Clause" claim in his direct appeal before the Ohio Court of Appeals.  *See* ECF Doc. 70-1 at PageID # 1149-67, 1231-71.  Townsend did raise a manifest weight of the evidence claim before the Ohio Court of Appeals, asserting that his convictions as to B.G. were against the manifest weight of evidence because: (i) there was no testimony from B.G. or her family members; (ii) there was no DNA evidence to conclusively link Townsend to the offenses; and (iii) the entire case was based on hearsay evidence from medical records.  *Id.* at PageID # 1163. But this claim did not mention or invoke a violation of the Sixth Amendment right to confront nor did it cite or reference any federal law.  *See id.*  And the Ohio Court of Appeals did not evaluate a Sixth Amendment Confrontation Clause violation.  Rather, it treated this claim entirely as a manifest weight of the evidence claim.  *Id.* at PageID # 1218-22.

The first time Townsend alleged a violation of his confrontation rights was in the Ohio Supreme Court when he sought an appeal of the Ohio Court of Appeals' decision affirming his convictions and rejecting his manifest weight of the evidence claim. Under the proposition of law setting forth his manifest weight of evidence claim, Townsend added a subheading which asked whether his convictions were "against the weight of evidence in violating [Townsend's] rights to face his accusor [*sic*] face to face." *Id.* at Page # 1245. However, the text of the argument under this section made no further mention of the right to confront witnesses and focused solely on the lack of sufficient evidence in general. *See id.* The Ohio Supreme Court declined to accept jurisdiction over all of Townsend's claims on direct appeal. *Id.* at PageID # 1314.

Accordingly, Townsend's Ground Three claim is procedurally defaulted, because he failed to fairly present his Confrontation Clause claim at every stage of Ohio's appellate review process.[17] *See Wagner*, 581 F.3d at 418; *Williams*, 460 F.3d at 806; *see also Townsend v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010) (holding a petitioner's claims procedurally defaulted when they were raised for the first time in a petition to the Ohio Supreme Court, which denied jurisdiction without comment).

Furthermore, Townsend has not shown cause, prejudice, or actual innocence to overcome this procedural default. *See Hinkle*, 271 F.3d at 245. He has not made any argument that his procedural default should be excused. In denying Townsend's Rule 26(B) application to reopen

---

[17] As discussed in regard to the Ground One and Ground Two claims, Townsend's attempt to assert a "Confrontation Clause" claim for first time – arguably – in his effort to continue his direct appeal in the Ohio Supreme Court and then fully in his first Rule 26(B) application for reopening, did not save his claim from procedural default. *Castille*, 489 U.S. at 351 (explaining that raising a claim for the first time to the highest state court on discretionary review does not fairly present or exhaust the claim in state court); *White*, 8 F.4th at 554 ("A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default.").

his direct appeal, the Ohio Court of Appeals considered and denied on the merits his ineffective

assistance of appellate counsel arguments asserting a failure to present a Confrontation Clause

claim.  *See* ECF Doc. 70-1 at PageID # 1633-34, 1675; *Fields*, 2023 U.S. App. LEXIS 20863 at

*9 (recognizing that to show cause in an effort to excuse procedural default the underlying

ineffective assistance claim must have merit).  Townsend has not argued that this decision was

contrary to or an unreasonable application of clearly established federal law.  Thus, he has not

shown cause for his failure to raise a Confrontation Clause claim on his direct appeal.  And,

although the Ohio Court of Appeals went so far as to hold that there was no prejudice from the

use of medical records and medical provider testimony, a failure to establish cause makes it

unnecessary for this court to consider prejudice.  *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir.

2007).  Townsend has also not shown that the state court's denials of his ineffective assistance of

counsel claims amounted to a fundamental miscarriage of justice or that he was actually innocent

of the offenses of conviction.  *Coleman*, 501 U.S. at 750.

Accordingly, I recommend that Townsend's Ground Three claim be DISMISSED as

procedurally defaulted.

## 2.    **Alternative Merits Analysis**

Alternatively, even if Townsend's Ground Three claim were not procedurally defaulted, I

would recommend it be denied for lack of merit.  Because the amended habeas petition does not

state the precise nature of Townsend's Ground Three claim, we must look to the state court

record.  When Townsend asserted his "Confrontation Clause" claim in state court, he argued that

it was improper for B.G.'s treating nurse to testify about B.G.'s sexual assault examination and

the related medical report because allowing such testimony denied Townsend his right to

confront his accuser, B.G., as guaranteed by the Confrontation Clause. ECF Doc. 70-1 at

PageID # 1634. This argument lacks merit.

Townsend's Ground Three claim is subject to AEDPA's deferential reasonableness

standard, because the Ohio Court of Appeals considered and rejected the merits of his argument

when it denied his Rule 26(B) application for reopening. ECF Doc. 70-1 at PageID # 1675.

Under this deferential standard, the relevant question isn't whether the state court got it right or

wrong, but whether the state court's determination was "unreasonable–a substantially higher

threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The habeas petitioner must show

that the state court's "decision was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for a fairminded

disagreement." *Harrington*, 562 U.S. at 103.

The Confrontation Clause of the Sixth Amendment proscribes the admission of out-of-

court testimonial statements by a non-testifying witness unless the witness is unavailable, and the

defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36,

53-54 (2004). A statement is "testimonial" when its primary purpose is to establish or prove past

events of potential relevance to a later criminal prosecution. *Ohio v. Clark*, 576 U.S. 237, 244

(2015). "Thus, under our precedents, a statement cannot fall within the Confrontation Clause

unless its primary purpose was testimonial. 'Where no such primary purpose exists, the

admissibility of a statement is the concern of state and federal rules of evidence, not the

Confrontation Clause.'" *Id.* at 245 (quoting *Michigan v. Bryant*, 562 U.S. 344, 359 (2011)). In

making this "primary purpose" inquiry, a court must consider the circumstances under which the

statements were made, which requires weighing factors such as whether the statement was made

during or immediately after the crime, in the course of assisting police in the apprehension of the

31

perpetrator, or in the course of medical treatment for the purposes of treatment and diagnosis. *Davis v. Washington*, 547 U.S. 813, 827-28 (2006); *see, e.g.*, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312, n.2 (2009) ("[M]edical reports created for treatment purposes . . . would not be testimonial.")

"Nontestimonial hearsay, however, is exempted from Confrontation Clause scrutiny altogether." *Woods v. Smith*, 660 F. App'x 414, 427 (6th Cir. 2016) (quotation marks omitted, citing *Crawford*, 541 U.S. at 68); *Crawford*, 541 U.S. at 68 ("Where nontestimonial hearsay is at issue, it is wholly consistent with the Framer's design to afford the States flexibility in their development of hearsay law—as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether.").

When the Ohio Court of Appeals found no merit in Townsend's proposed second assignment of error (the Confrontation Clause claim), the court found that the admission of B.G.'s statements to Nurse Schreiber, who was the Sexual Assault Nurse Examiner ("SANE"), did not violate the Confrontation Clause because they were nontestimonial, and were admissible under the Ohio Rules of Evidence. ECF Doc. 70-1 at PageID # 1675.  The court also cited a host of Ohio court decisions holding that "[t]estimony regarding statements made to medical personnel does not violate the Confrontation Clause." *Id.*  At trial, Nurse Schreiber testified about what B.G. told her during the SANE exam, which led to the creation of Schreiber's narrative report, including B.G.'s report that Townsend had sexually assaulted her. ECF Doc. 71-1 at PageID # 3132-33.  Nurse Schreiber testified about the medical nature and purposes of the SANE exam, and the court found that there was no indication that the narrative report was created and taken solely for legal purposes. *See id.* at PageID # 3084-139.

Townsend has not provided any factual or legal argument as to how this decision regarding Nurse Schreiber's testimony: (i) contravened or misapplied *Crawford* or other Supreme Court precedent; or (ii) was based upon an unreasonable factual determination.  Even if Townsend had presented such arguments, they would lack merit.  In *Dorsey v. Cook*, the Sixth Circuit addressed a situation quite similar to this case, in which a habeas petitioner argued that his rights under the Confrontation Clause were violated by the admission of testimony from a sexual assault nurse examiner.  677 F. App'x 265, 266 (2017).  In that case, the nurse examiner testified that the evaluation of the victim was for both medical and legal purposes, she collected information related to the sexual assault, and "the victim signed a consent form that authorized her to provide information to law enforcement for purposes of criminal investigation and prosecution."  *Id.*  The court denied the petitioner's claim for relief, providing the following rationale:

> [T]he state appellate court's denial of Dorsey's confrontation claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The Supreme Court has not addressed whether a statement is testimonial when it is made for the dual purpose of obtaining medical care and providing evidence for later criminal prosecution.  Nothing in *Crawford* or subsequent Supreme Court cases interpreting the meaning of "testimonial," including the cases cited by Dorsey, compels the conclusion that statements made to a sexual assault nurse examiner for both medical and legal purposes are testimonial.  Because there could be fair-minded disagreement about whether such statements are testimonial, we cannot grant Dorsey habeas relief.

*Id.* at 267 (citing *White v. Woodall*, 572 U.S. 415, 427 (2014); *Tapke v. Brunsman*, 565 F. App'x 430, 436 (6th Cir. 2014)).

Upon review of the record, and in light of the holding in *Dorsey*, I find that the Ohio Court of Appeals' denial of Townsend's Ground Three Confrontation Clause claim based on the admission of the hearsay statements by Nurse Schreiber, was neither contrary to nor unreasonable application of clearly established federal law.  Accordingly, even if Townsend's

33

Ground Three claim were not procedurally defaulted, it would be due to be DENIED for lack of merit.

**D.      Ground Four – Judicial Bias**

In his Ground Four claim, Townsend appears to assert a claim that his due process rights under the U.S. Constitution were violated because of judicial bias and abuse of discretion by the trial judge.  ECF Doc. 59 at PageID # 799.  In support, Townsend provided a portion of the trial transcript and a notice of a disciplinary complaint against the trial judge from January 2022.  *Id.* at Page ID # 799-800.  Initially, Warden Foley notes that Townsend presented this claim as his second assignment of error before the Ohio Court of Appeals on direct review.  ECF Doc. 70 at PageID # 1023.  He then argues that Townsend's Ground Four claim is meritless because the state court reasonably rejected Townsend's claims of judicial bias; the record does not reflect judicial bias; and this court should not disturb the state court's determination under AEDPA.  *Id.* at PageID # 1023-25.

Townsend raised his Ground Four claim on direct appeal as his second assignment of error: "The trial court erred when it improperly convicted Defendant-Appellant when there was judicial bias against him."[18]  ECF Doc. 70-1 at PageID # 1240-43.  Townsend argued that he was subject to an unfair trial based on the trial court displaying apparent "frustration" and "displeasure" with Townsend in front of the jury (relating to certain questions and objections raised by Townsend), which "would have prejudiced the jury" and deprived him of a fair trial. *Id.* at PageID # 1059-60.

---

[18] The subheading for this assignment of error stated: "Second issue for review and argument: whether the level of bias exhibited by the trial court to defendant-appellant is cause for reversible error."  ECF Doc. 70-1 at PageID # 1158.

"[D]ue process demands that [a trial] judge be unbiased." *Railey v. Webb*, 540 F.3d 393, 399 (6th Cir. 2008) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)).  To succeed on a judicial bias claim, the petitioner must point to evidence showing that the trial judge had a "predisposition . . . so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994); *Lewis v. Robinson*, 67 F. App'x 914, 922 (6th Cir. 2003) (citing *Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003)).  In overruling Townsend's judicial bias claim, the Ohio Court of Appeals stated:

> {¶ 29} In the second assignment of error, Townsend claims that his convictions should be vacated because the trial court was biased against him.  Specifically, Townsend claims that the trial court sua sponte sustained objections to his questions and berated Townsend in the presence of the jury.

> {¶ 30} In *Litecky* [*sic*] *v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the United States Supreme Court held that opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disproving [*sic*] of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id.*  Instead, one must examine whether the remarks reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *Id.*

> {¶ 31} A review of the record shows that the questions the trial court did not allow or sua sponte sustained objections to were either inadmissible or inappropriate questions Townsend posed to witnesses.  The court repeatedly warned Townsend that he could not make statements in front of the jury while questioning witnesses and repeatedly assisted Townsend in rephrasing questions or offered suggestions to assist him with presenting his case.  Townsend chose to proceed pro se; before doing so, he acknowledged that he had been warned of the perils of proceeding pro se and dangers of self-representation.

> {¶ 32} The second assignment of error is without merit and is overruled.

ECF Doc. 70-1 at PageID # 1214-15.

Here, the Ohio Court of Appeals' denial of Townsend's claim of judicial bias, was neither contrary to, nor an unreasonable application of federal law, and it did not reflect an

unreasonable determination of the facts upon the record before the court.  28 U.S.C.

§ 2254(d)(1).  The appellate court acknowledged and applied the correct Supreme Court standard

under *Liteky v. United States*, reviewed the record and the alleged instances of bias, and

reasonably determined that the trial court's actions not only did not rise to the level of a due

process violation but were wholly appropriate given the nature of the questions Townsend posed

during the trial.

    As evidence to support his Ground Four claim, Townsend's amended petition only cited a

single excerpt from the trial transcript and a January 2022 disciplinary complaint filed against the

trial judge.  ECF Doc. 59 at PageID # 799-800.  First, Townsend has not argued or otherwise

demonstrated that either of these facts would cause us to conclude that the Ohio Court of

Appeals' decision violated the AEDPA standard in 28 U.S.C. § 2254(d)(1).  Second, the

disciplinary complaint that Townsend alluded to: (i) was not related to Townsend's trial and does

not demonstrate that judicial bias occurred in Townsend's trial;[19] and (ii) was not part of the

record evidence before the Ohio Court of Appeals.  *See* ECF Doc. 59 at PageID # 799-800.

Finally, the judge's statements in the portion of the trial transcript cited in the amended petition,

*id.* at PageID # 799, do not demonstrate judicial bias on their face; and they could not have

prejudiced Townsend in the eyes of the jury, because the statements were made during a hearing

outside the presence of the jury, *see* ECF Doc. 71-1 at PageID # 1027-28, 1040-42.  In sum,

Townsend has not argued, nor does the record or his supporting facts demonstrate, that the Ohio

Court of Appeals' decision to reject his judicial bias claim was "so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement."  *Harrington*, 562 U.S. at 102.

---

[19] The disciplinary action did not involve allegations of misconduct related to Townsend's trial.  *See*
*Disciplinary Couns. v. Gaul.*, 2023-Ohio-4751 (Ohio 2023).

I recommend that Townsend's Ground Four claim be DENIED as meritless.

### E.      Ground Five – Compulsory Process Violation

In his Ground Five claim, Townsend contends that he was denied his Sixth Amendment right to compulsory process, citing a portion of the trial transcript where the trial judge denied Townsend's request for a continuance after a defense witness was not in attendance.  ECF Doc. 59 at PageID # 801-02.  Warden Foley argues that this claim lacks merit because: (i) the Ohio Court of Appeals reasonably determined that Townsend had not shown his witnesses had been properly served with a subpoena and he failed to offer any proffer as to the necessity of the alleged witnesses; and (ii) Townsend cannot demonstrate that the state court's decision was an unreasonable application of federal law or was based on an unreasonable determination of the facts.  ECF Doc. 70 at PageID # 1025-28.

Because the Ohio Court of Appeals adjudicated Townsend's claim that his right to compulsory process was violated, this court must give deference to that adjudication.  28 U.S.C. § 2254(d).  Townsend raised his Ground Five claim on direct appeal to the Ohio Court of Appeals as his fourth assignment of error.  ECF Doc. 70-1 at PageID # 1162.  Townsend's state court appellate brief noted that he had raised concerns about a potential witness being unavailable.  *Id.* (citing ECF Doc. 71-1 at PageID # 3589), but the trial judge essentially stated it was Townsend's "own problem" if witnesses didn't appear.  *Id*.  And Townsend cited the trial judge's unwillingness to "enforce subpoenas." [20]  *Id*.  Townsend argued that the court's failure to enforce the subpoena at issue mandated reversal because: (i) it was clear the subpoenas were

---

[20] Townsend's appellate brief did not cite the record on this point, but the trial judge did state: "I'm not here to enforce subpoenas or to deal with issues with witnesses. Part of being your own attorney is seeing to it that your witnesses come to court in a timely manner. The defendant has not accomplished this and that's on him, not me."  ECF Doc. 71-1 at Page ID # 3601.

issued; (ii) the trial court demonstrated no interest in protecting Townsend's right to compulsory process; and (iii) the right to compulsory process is essential. *Id.*

In overruling Townsend's compulsory process assignment of error, the Ohio Court of Appeals stated:

> {¶ 37} In the fourth assignment of error, Townsend claims that his convictions should be reversed because the trial court failed to enforce a subpoena and thereby violated his right to compulsory process.

> {¶ 38} This court has held that a defendant is not denied compulsory process by reason of a trial court's decision not to enforce the subpoena of a witness. *In the Matter of Timothy Reynolds*, 8th Dist. Cuyahoga No. 46585, 1983 Ohio App. LEXIS 12312, 7 (Nov. 3, 1983). Pursuant to R.C. 2317.21, in order to obtain the issuance of a writ of attachment from the court and secure the attendance of an absent witness, it is necessary for the disobeying witness to have been personally served with a prior subpoena. *See State v. Hardy*, 8th Dist. Cuyahoga; No. 86722, 2007-Ohio-1159, ¶ 68-69, citing *State v. Wilcox*, 8th Dist. Cuyahoga Nos. 60851 and 60886, 1992 Ohio App. LEXIS 3043 (Jun. 11, 1992).

> {¶ 39} During trial, Townsend told the court who he wanted to testify on his behalf. Townsend never demonstrated that any of his purported witnesses were personally served with a subpoena.

> {¶ 40} This court has held that "[i]t is incumbent upon a party moving for a continuance to secure the attendance of witnesses to demonstrate that substantial favorable testimony will be forthcoming and that the witnesses are willing and available as well." *In the Matter of Timothy Reynolds* at *id.*, citing *United States v. Boyd*, 620 F.2d 129 (6th Cir.1980); *see also State v. Makin*, 8th Dist. Cuyahoga No. 104545, 2017-Ohio-7882, ¶ 21. Here, in addition to failing to demonstrate personal service upon any witnesses, Townsend did not proffer the favorable testimony that he claims the absent witnesses would have given. Thus, Townsend cannot now argue that he suffered reversible prejudice.

*Id.* at PageID # 1217-18. The Ohio Supreme Court affirmed the Ohio Court of Appeals' decision.[21] *Id.* at PageID # 1314.

---

[21] Townsend raised the same compulsory process argument in his first Rule 26(B) application for reopening. ECF Doc. 70-1 at PageID # 1638. Once again, the Ohio Court of Appeals again rejected Townsend's claim, finding that Townsend failed to: (i) plausibly show that the desired witness's testimony was material and favorable to his defense; and (ii) "demonstrate how the testimony of any excluded witness would have resulted in a different outcome at trial." *Id.* at PageID # 1685-86.

The state court's factual findings are presumed correct, and Townsend has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1). Townsend did not rebut that presumption; he has not produced any evidence to demonstrate that he served the alleged witness with a subpoena or that he proffered potentially favorable testimony.  Nor has he argued that the Ohio Court of Appeals' decision to deny his compulsory process claim misapplied Supreme Court caselaw or constituted an unreasonable determination of the facts.

The Ohio Court of Appeals applied the correct legal standard, noting that the defendant must show how the absent witness's testimony would have been favorable to the defense.  The court cited an Ohio case which relied on the Sixth Circuit's decision in *United States v. Boyd,* 620 F.2d 129 (6th Cir. 1980)*.  Boyd* is consistent with the Supreme Court's holding in *United States v. Valenzela-Bernal,* 458 U.S. 858, 867 (1982) (holding that the defendant "must at least make some plausible showing of how [the witness's] testimony would have been both material and favorable to his defense").  And there is nothing to suggest that the Ohio Court of Appeals made any unreasonable determination of facts on the record before it.  As he failed to do in the trial court and the Ohio Court of Appeals, Townsend has not demonstrated that his missing witness was ever properly served with a subpoena, and the entire record is devoid of any description of favorable testimony the missing witness might have been able to give.  *See* ECF Doc. 71-1 at PageID # 1231-35.  Without such evidence, Townsend cannot establish a violation of his Sixth Amendment right to compulsory process or demonstrate that the denial of a continuance resulted in a prejudicial error.

I recommend that Townsend's Ground Five claim be DENIED as meritless.

### F.  Ground Six – Sixth Amendment Right to Effective Counsel

In his Ground Six claim, Townsend asserts that he was denied his right to effective assistance of counsel when the trial court declined to appoint Ms. Glick as defense counsel.  *See* ECF Doc. 59 at PageID # 803-04.  Warden Foley argues that this claim is: (i) procedurally defaulted because it was never raised in state court; and (ii) meritless because Townsend waived the right to counsel, chose to represent himself, and there is no right to appointed counsel of one's choosing.  ECF Doc. 70 at PageID # 1029.

#### 1.  Procedural Default

Townsend's Ground Six claim is procedurally defaulted because he did not raise this claim on direct appeal or in any other state court post-conviction proceeding.  *See* ECF Doc. 70-1 at PageID # 1149-67, 1231-71, 1469-508, 1631-58.  On direct appeal, Townsend raised claims concerning whether his waiver of counsel was effective and if his right to self-representation was violated.  *Id.* at PageID # 1157-58, 1161.  But those claims are unrelated to whether the trial court violated Townsend's Constitutional rights by not appointing Ms. Glick as counsel.  And Townsend's various claims regarding the effectiveness of his counsel and his waiver of counsel did not fairly present what he now asserts in his Ground Six claim.  *See* ECF Doc. 70-1 at 1149-67, 1231-71; *see, e.g.*, *McMeans*, 228 F.3d at 681 (both the facts and legal theories underlying a federal constitutional claim must be presented at each stage to the state courts to satisfy the fair presentation requirement).  Townsend has made no cause and prejudice argument to try to excuse his procedural default, and nothing in the record "demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

40

I recommend that Townsend's Ground Six claim be DISMISSED as procedurally defaulted.

### 2. Alternative Merits Analysis

Even if Townsend's Ground Six claim were not procedurally defaulted, it would fail for lack of merit. The Sixth Amendment right to counsel does not afford an absolute right to be represented by an indigent defendant's attorney of choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (reaffirming that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them"); *see also United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990) ("An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel.). Further, the right to choose counsel does not include the right for a defendant to "insist on representation by an attorney whom they cannot afford or who for other reasons declines to represent them." *Wheat v. United States*, 486 U.S. 153, 159 (1988).

To support his Ground Six claim, Townsend cited the portion of the trial transcript where the trial court appointed Mr. Smotzer as standby defense counsel, Townsend objected, and then he requested that Ms. Glick be appointed instead. ECF Doc. 59 at PageID # 803-04 (citing ECF Doc. 71-1 at PageID # 2386-88). The record reveals that this request was made during a hearing in which: (i) Townsend signed a waiver of right to counsel and an expression of intent to proceed *pro se* pursuant to Crim. R. 44, ECF Doc. 71-1 at PageID # 2363-91; and (ii) the court notified Townsend that Mr. Smotzer would serve as his standby counsel going forward, *id.* at PageID # 2371, 2376, 2386, 2392. Earlier in that hearing, Townsend stated that he had attempted to contact Ms. Glick and Ms. Cofta for representation but indicated that he had not received any indication either attorney would agree to represent him. *Id.* at PageID # 2365-68. The trial court

denied Townsend's request to appoint Ms. Glick because, in part, he would not appoint an attorney who had not responded to Townsend's request or otherwise indicated a desire to represent him.  *Id.* at PageID # 2387.

Regardless, Townsend had no absolute right to appointed standby counsel of choice.  *See Gonzalez-Lopez*, 548 U.S. at 151; *Wheat*, 486 U.S. at 159.  Moreover, just as he failed to do in the trial court, Townsend has not shown: (i) the requisite good cause required to justify the replacement of his appointed standby counsel; or (ii) that the failure to appoint Attorney Glick was prejudicial.  Further, Townsend's entire Ground Six claim is undermined by the fact that he *waived* his Sixth Amendment right to counsel, and that waiver was both upheld by the Ohio Court of Appeals, ECF Doc. 70-1 at PageID # 1210-14, and not offered as a federal habeas claim.

Thus, even if it were not procedurally defaulted, Townsend's Ground Six would fail on the merits.

## IV.     Certificate of Appealability

In light of the requirement that the Court either grant or deny a certificate of appealability at the time of its adverse ruling on a habeas petition, I make the following additional recommendation.  Rule 11(a), 28 U.S.C. foll. § 2254.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability ("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

If the court accepts my recommendations, Townsend will not be able to show that the court's rulings on his claims are debatable among jurists of reason.  Townsend's Ground One, Ground Two, Ground Three, and Ground Six claims are all procedurally defaulted, in addition to being alternatively noncognizable or meritless.  His Ground Four and Ground Five claims are meritless.  Because jurists of reason would not find these conclusions to be debatable, I recommend that no COA issue in this case.

## V.    Recommendation

I recommend that Townsend's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that his claims be resolved in the following manner: (i) Ground One be DISMISSED as procedurally defaulted or as noncognizable; (ii) Ground Two be DISMISSED as procedurally defaulted or DENIED as meritless; (iii) Ground Three be DISMISSED as procedurally defaulted or DENIED as meritless; (iv) Ground Four be DENIED as meritless; (v) Ground Five be DENIED as meritless; and (vi) Ground Six be DISMISSED as procedurally defaulted or DENIED as meritless.  I further recommend that Townsend not be granted a COA

Dated: March 8, 2024

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

44