PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALBERT TOWNSEND, | ) |
| | ) CASE NO. 1:21-CV-2264 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| KEITH FOLEY, | ) |
| | ) |
| Respondent. | ) **MEMORANDUM OF OPINION** |
| | ) **& ORDER** |
| | ) [Resolving ECF Nos. 84, 85] |

Pending before the Court are Petitioner Albert J. Townsend's Motion for Reconsideration (ECF No. 84) and Motion for Relief from Judgment (ECF No. 85). For the following reasons, Petitioner's motions are denied.

**I.    Background[1]**

On March 8, 2024, the magistrate judge filed a Report and Recommendation (R&R) recommending that the petition for writ of habeas corpus be denied. ECF No. 74. The R&R recommended that: (1) Ground One be dismissed as procedurally defaulted or noncognizable; (2) Ground Two be dismissed as procedurally defaulted or denied as meritless; (3) Ground Three be dismissed as procedurally defaulted or denied as meritless; (4) Ground Four be denied as meritless; (5) Ground Five be denied as meritless; and (6) Ground Six be dismissed as procedurally defaulted or denied as meritless. ECF No. 74 at PageID #: 3858. The parties were

---

[1] The Court incorporates by reference the background and history described by the magistrate judge in his Report and Recommendation (ECF No. 74), which was adopted by the Court in its Memorandum of Opinion and Order (ECF No. 80).

(1:21-CV-2264)

ordered to file objections on or before March 22, 2024. *See* ECF No. 74 at PageID #: 3859 (giving the parties 14 days to file objections to the R&R). On March 18, 2024, Petitioner filed the first of three motions for extension of time to object to the R&R.[2] ECF No. 76. The Court granted this motion and Petitioner was ordered to file a single filing of objections on or before May 3, 2024. ECF No. 79.[3] On May 13, 2024, the Court issued a Memorandum of Opinion and Order adopting the magistrate judge's R&R. *See* ECF No. 80.

On May 14, 2024, the Court received Petitioner's Objection to the R&R. ECF No. 82. With the Objection, Petitioner attached a sworn affidavit, dated May 2, 2024, indicating that he mailed his Objection on April 29, 2024. ECF No. 82-11. The envelope containing Petitioner's Objection and attachments is dated May 7, 2024. ECF No. 82-12. On May 15, 2024, the Court received a Declaration by Petitioner stating he had mailed his Objection on May 3, 2024, but later realized that the mailroom did not process his mail that day. He asserts that the mailroom stated that "their Browse Machine was not working but they claimed to have mailed the documents on May 6, 2024 . . . the[n] they sa[id] they mailed the documents on May 7, 2024. . ." ECF No. 83 at PageID #: 3977.

Petitioner then filed the instant motion for reconsideration (ECF No. 84) and motion for relief from judgment (ECF No. 85).[4] Respondent has not responded to either motion. As a basis for both, Petitioner asserts that he timely submitted his Objection pursuant to the prisoner

---

[2] The Court received ECF No. 76 on March 20, 2024, but pursuant to the inmate mailbox rule, Petitioner's motion is deemed filed on the date that Petitioner handed the motion to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule for federal habeas corpus petitions).

[3] The other two motions for extensions of time, (ECF Nos 77 and 78), were denied as moot.

[4] Petitioner also filed a Notice of Appeal (ECF No. 86).

2

(1:21-CV-2264)

mailbox rule, and the Court failed to receive them because of problems in the mailroom. *See* ECF No. 84 at PageID #: 3982; ECF No. 85 at PageID #: 3987. Because Petitioner relies on the same argument for both motions, the Court considers them together.

## II. Standard

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not provide for a "motion for reconsideration." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).

A motion to alter or amend judgment may be granted for any of the following three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

### B. Motion for Relief from Judgment

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or;
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

(1:21-CV-2264)

### III. Discussion

As stated above, Petitioner filed the motion for reconsideration arguing that he timely filed his Objection to the R&R, and the delay in the Court's receipt was due to malfunctions with the prison mailroom. Petitioner submits a "Cash Slip" dated May 3, 2024, which supports his claim that he timely filed his Objection to the R&R. ECF No. 84-2. Without certainty of the date of Petitioner's filing, the Court will consider his objection to the R&R.

Petitioner does not list his objections to the report and recommendation (ECF No. 84). But he seems, however, to object to the magistrate judge's R&R for the following reasons: (1) "the Magistrate Judge erred in finding that Petitioner's grounds for relief are procedurally defaulted," ECF No. 82 at PageID #: 3881; and (2) "Petitioner raised more than six grounds for relief in his Amended Traverse," ECF No. 82 at PageID #: 3897.

**A. Petitioner's "Objection"**

    **1. Request for Full De Novo Review of Entire Case and Procedural Default**

Petitioner begins his brief in support of his Objection by requesting "a full de novo review of [the] entire case." ECF No. 82 at PageID # 3880. Petitioner then argues that "the magistrate judge erred in finding that Petitioner's grounds for relief are procedurally defaulted." ECF No. 82 at PageID #: 3882. Petitioner does not address why the magistrate judge was incorrect in finding that his grounds for relief were procedurally defaulted. Instead, Petitioner attempts to reargue each of his claims and the factual background of the case. ECF No. 82 at PageID #: 3883–3891.

When a petitioner makes an objection to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

(1:21-CV-2264)

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* Importantly, objections "must be specific in order to trigger the de novo review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)). "An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)). "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

     The Court's role is not to conduct a "*de novo* review of the entire case," but instead to conduct a *de novo* review of Petitioner's *specific* objections to the magistrate judge's report and recommendation. Petitioner's general objection that his grounds for relief are not procedurally defaulted is not sufficiently specific to warrant a judicial response. Additionally, Petitioner voices his disagreement with the magistrate judge's conclusion, by presenting information already submitted and considered. Therefore, the Court overrules this "objection" to the R&R.

5

(1:21-CV-2264)

### 2. Grounds for Relief

As stated above, Petitioner also objects to the magistrate judge's R&R by arguing that he raised more than six grounds of relief in his Amended Traverse, and the magistrate judge addressed only six. Petitioner's argument misconstrues the docket.

In January 2022, Petitioner filed a "Traverse." ECF No. 7. No return of writ had been filed. Three days later, Petitioner filed a "Motion to Amend Traverse." ECF No. 9. Respondent still had not filed a return of writ. The magistrate judge found "that neither [Petitioner's traverse nor discovery] amendment [was] necessary for the Court's understanding of the case or the propriety of the filings." Order [non-document], 01/27/2022. Accordingly, the magistrate judge denied Petitioner's motion to "amend traverse." Order [non-document], 01/27/2022. Nonetheless, Petitioner attempted to file an "Amended Traverse" that was returned to him with the judge's January 27, 2022 Order on his motion to amend. In June 2023, Respondent filed a Return of Writ (ECF No. 70). Petitioner did not file a Traverse. To cure this deficiency, in August 2023, the magistrate judge ordered Petitioner to file a traverse by September 15, 2023. ECF No. 73. Petitioner failed to do so.[5]

There is no "Amended Traverse" on the docket, and no other document on the docket indicates what his "sixteen propositions of law" are.[6] Therefore, Petitioner's "additional sixteen propositions of law" presented to the magistrate judge, were determined not to be "necessary for

---

[5] Petitioner did not file anything from July 2023 until March 2024 when he filed his motion for extension of time to object to the R&R.

[6] Petitioner directs the Court to "pages 1-6, with supporting Case Laws Page i and Statutes and Authorities Page ii." ECF No. 82 at PageID #: 3897. The docket reflects no responsive filing.

6

(1:21-CV-2264)

the Court's understanding of the case or the propriety of the filings," and returned to him.[7] Order [non-document], 01/27/2022 (rejecting amended traverse). Therefore, the Court overrules this "objection" to the R&R.

## IV.     Conclusion

For the reasons given above, even if the Court had timely received Petitioner's Objection, the Court finds that his objections are meritless, overrules them, and adopts the magistrate judge's Report and Recommendation (ECF No. 74).  Having overruled both of Petitioner's "objections" to the R&R, the Court finds that Petitioner has failed to establish any reason to grant his motion for reconsideration.  Therefore, Petitioner's motion for reconsideration (ECF No. 84) is denied.  The Court also finds that Petitioner has failed to establish any reason to grant his motion for relief from judgment.  Therefore, Petitioner's motion for relief from judgment (ECF No. 85) is also denied.

The Clerk of this Court shall inform the Clerk of the United States Court of Appeals for the Sixth Circuit of the within determination.[8]

IT IS SO ORDERED.

| July 25, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[7] In other words, the filing was out of sequence—there was no writ to which it was responsive.

[8] An appeal to the Sixth Circuit, Case No. 24-3536, has been held in abeyance until the within Order disposing of the post-judgment motion is filed and jurisdiction has transferred to the Court of Appeals.  *See* Appeal Remark (ECF No. 87)